

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2002

# USA v. Drake

Precedential or Non-Precedential: Non-Precedential

Docket No. 98-1388

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Drake" (2002). *2002 Decisions.* Paper 286.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/286

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 98-1388


UNITED STATES OF AMERICA

v.

MARK DRAKE, a/k/a "Rasul",

Appellant


ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 90-cr-00379-02)
District Court Judge: Honorable Bruce W. Kauffman


Submitted Under Third Circuit LAR 34.1(a)
May 7, 2002

Before: NYGAARD, ALITO, and ROSENN, Circuit Judges

(Opinion Filed: May 21, 2002)


OPINION OF THE COURT


PER CURIAM:
        Because we write for the parties only, the background of the case need not be set out.  The Supreme Court held in Slack v. McDaniel, 120 S. Ct. 1595, 1602-03 (2000), that a certificate of appealability is required to appeal from the denial of a habeas petition, even with respect to an appeal filed after the April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214.  A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.  2253(c)(2).  To establish this, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional right claims debatable or wrong."  Slack, 529 U.S. at 484.  According to Slack, a certificate of appealability would be required to pursue an appeal in this case, but no such certificate should issue for the reasons outlined below.
     We review the District Court's factual findings under the "clearly erroneous"

standard.  See Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985).  Based on the evidence adduced at the evidentiary hearings, the District Court found that the government never offered a 96-month sentence to Drake and that no such offer could have been made because it was far below the sentencing guidelines level that Drake faced as a "career offender."  The District Court also found that the letter from Drake's attorney clearly stated that the best offer the government was willing to make was the 2-point reduction for pleading guilty.  Finally, the District Court found that all parties, including Drake, knew that the best sentence he could get was in the range of 324 to 405 months following a plea of guilty.  Based on these factual findings, the District Court concluded that Drake's counsel was not "ineffective" for never conveying a government offer that did not exist.  We hold that the District Court's findings were not clearly erroneous.

For the first time on appeal, Drake argues that he was incorrectly informed by counsel regarding the maximum statutory penalty he was facing.  If he had been properly advised, Drake argues, he would have been able to negotiate a more favorable plea agreement and would have entered a guilty plea.

The government correctly points out that the three counts of cocaine distribution (the maximum penalty for each of which was 20 years) plus the four counts of use of a communications facility to further a drug trafficking crime (the maximum penalty for each of which was four years) total a potential maximum sentence of 76 years.  This 76-year potential maximum sentence well accommodated the 324 to 405 month guideline term which the attorneys before trial estimated would apply if a plea was entered.  Therefore, even if we were to entertain this new argument on appeal, it would not be meritorious.

We have considered all of the appellant's arguments and see no basis for reversal.  The judgment of the District Court is therefore affirmed.